IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ONIS KELLEY                                                                    PETITIONER

vs.                    Civil Case No. 5:06CV00288 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                                              RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

### **DISPOSITION**

Now before the court is Respondent's Motion to Dismiss (DE #5) this petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Onis Kelly, an inmate of the Arkansas Department of Correction. Petitioner was convicted by a jury on February 11, 2000, of rape, and he was sentenced to ten years imprisonment. The Arkansas Court of Appeals affirmed his conviction on June 6, 2001 (Respondent's Exhibit B). He filed a motion for reduction of sentence under Ark.

Ann. 16-90-111 (Supp. 2003) on January 27, 2002, which the trial court denied as untimely on January 28, 2002, see Respondent's Exhibit F, p.1.  On November 19, 2003, Petitioner filed a pleading in the trial court, which the court interpreted as a state petition for a writ of habeas corpus (Respondent's Exhibit C).  The court denied the petition on December 4, 2003 (Respondent's Exhibit D). Petitioner appealed, and the Arkansas Supreme Court reversed and remanded on June 16, 2005, finding Petitioner had been requesting to proceed under Act 1780 of 2001 for additional testing of evidence, not seeking a state writ of habeas corpus and directing the court to consider the petition under that statute (Respondent's Exhibit E).  The trial court denied relief again on January 3, 2006 (Respondent's Exhibit F).  Petitioner appealed, but the Arkansas Supreme Court affirmed the trial court on April 27, 2006, finding Petitioner had not established a prima facie case under the statute (Respondent's Exhibit G).  On June 28, 2006, Petitioner filed his first federal habeas corpus petition in this court, Kelly v. Norris, No. 5:06CV00169 (E.D.Ark Oct. 2, 2006) which was dismissed without prejudice pursuant to his request.  He filed the present action on November 6, 2006, raising the following grounds for relief:

> 1.  The prosecutor violated his right to due process when he submitted insufficient pubic hairs for testing;
>
> 2.   A polygraph of the victim at this time would exonerate him of the charge of rape;

3. He is factually innocent of the charge and counsel was ineffective for failing to present two convenience store employees and the video tape from the store, which would have established that the time he arrived at the store and the alleged time of the rape did not coincide;

4. His constitutional rights were violated when Louisiana authorities removed him and the victim from Arkansas to Louisiana and questioned him about the alleged rape and performed the rape kit examination on the alleged victim; and

5. He was suffering from epididymitis and orchitis at the time of the alleged rape and, had the victim been tested for these diseases, the results would have exonerated Petitioner, and the DNA from the rape kit should be made available now for further testing.

I.

Respondent contends this petition is untimely and should be dismissed under 28 U.S.C. § 2244(d), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2244(d)(1) establishes a one-year limitations period for filing federal habeas corpus petitions under § 2254. The statute requires the court to run the one-year period from the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

>   made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner does not argue, and the court finds no basis for finding, that sections B, C or D apply, and therefore the relevant triggering date in the present case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner contends in his reply to the Motion to Dismiss that his "post-conviction motion was properly filed" and his conviction did not become final until April 27, 2006, when the Arkansas Supreme Court affirmed the denial of his motion under Act 1780 (DE #11, p. 10).

The term "direct review" in § 2244 refers to the direct appeal process and includes review by the United States Supreme Court.  Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).  Under United States Supreme Court Rule 13.1, a defendant has 90 days from the entry of judgment by a state court of last resort to file a petition for a writ of certiorari, or, if the judgment is from a lower state court, a petitioner has 90 days from the entry of an order by the court of last resort denying discretionary review.

Petitioner did not seek discretionary review by the Arkansas Supreme Court of the Arkansas Court of Appeals' decision affirming

5

his conviction.  Recently, the Eighth Circuit Court of Appeals held that, under Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999), "a Missouri state prisoner's judgment becomes final within the meaning of 28 U.S.C. § 2244(d)(1)(A) exactly ninety days after his conviction is affirmed on direct appeal, even if he has not filed a motion for transfer to the Missouri Supreme Court." Pierson v. Dormire, 2007 WL 984104, *8 (8th Cir. April 4, 2007).

There is no need to decide whether this finding applies to Arkansas inmates and, thus, benefits Petitioner, because, even if the court were to find Petitioner's conviction was not final until 90 days after the Court of Appeals affirmed his conviction, his petition here would be untimely.  As stated above, the Court of Appeals affirmed his conviction on June 6, 2001.  Allowing for the 90 day period would render his conviction final on September 4, 2001, and the one year limitations period would have expired September 4, 2002.

Section 2244 also provides that "the time which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  However, as the trial court noted in its order dated January 3, 2006 (Respondent's Exhibit F), it dismissed Petitioner's motion for reduction of sentence as

untimely.[1]   Thus, that motion was not "properly filed," as required by § 2244(d)(1) and did not toll the running of the limitations period.[2]  See Artuz v. Bennett, 531 U.S. 4, 8-9 (2000). Petitioner filed no other applications for post-conviction or collateral relief in state court until he filed the motion under Act 1780 of 2001 on November 19, 2003.  None of the proceedings surrounding that motion tolled the running of the limitations period, because it was filed after the limitations expired on September 4, 2002.  Jackson v. Dormire, 180 F.3d 919 (8th Cir. 1999).  Petitioner did not file the present action until November 6, 2006, several years past the limitations period.

In his response to Respondent's Motion to Dismiss, Petitioner argues he attempted to seek certiorari from the order denying his state petition in 2006, but he was proceeding pro se and there was no one at the prison to help him.  He also contends his attorney was ineffective at trial, he is actually innocent in that DNA testing on pubic hairs was incomplete because not enough hairs were

---

[1] Respondent did not submit a copy of either the motion or the court's order and, in fact, did not mention the motion. Petitioner listed it in his petition, however, and the trial court mentioned it in its order entered on January 3, 2006.  Ordinarily, the Arkansas state courts view a motion under this statute as a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, and require defendants to adhere to its time limitations.  Harris v. State, 318 Ark. 599 (1994).  This is apparently how the trial court treated Petitioner's motion.

[2] Moreover, tolling of the statute during this time would not aid Petitioner, because the motion was pending for only one day.

submitted, the victim lied when she stated he cut her panties off with his knife, a polygraph of the victim would show he is innocent, the Louisiana authorities had no jurisdiction to take him from the Arkansas authorities and they "tampered with" the rape kit.

A court may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace DiGuglielmo, 344 U.S. 408, 418. "[E]quitable tolling is appropriate only in rare cases," Von Eye v. U.S., 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller v. New Jersey State Dep't. Of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998).

> The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." Mere excusable neglect is not sufficient.

Id. at 618-19 (citations omitted). C.f Alvarez-Machain v. U.S., 107 F.3d 696, 701 (9th Cir. 1996), cert. denied, 522 U.S. 814 (1997)(Equitable tolling appropriate where Federal Tort Claims Act plaintiff had been incarcerated for over two years in a foreign country, in complex case in which his life was at stake).

The court first notes that Petitioner's alleged attempt to seek certiorari in 2006 would not entitle him to equitable tolling. Although egregious attorney misconduct may entitle a petitioner to

equitable tolling, <u>U.S. v. Martin</u>, 408 F.3d 1089, 1093 (8th Cir. 2005), ineffective assistance of counsel due to an attorney's negligence or mistake generally does not excuse an untimely filing. <u>Beery v. Ault</u>, 312 F.3d 948, 951 (8th Cir. 2002).  The court finds Petitioner's allegation of ineffective assistance of counsel amounts to no more than a mistake or negligence and is not the type of egregious conduct contemplated by <u>Martin</u>.

"Actual innocence" may equitably toll statute of limitations only where some action or inaction by the state prevented petitioner from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the time limitation.  <u>Flanders v. Graves</u>,  299 F.3d 974 (8th Cir. 2002).  Petitioner's allegations of actual innocence are either vague and conclusory, or are merely challenges to the weight or credibility of the evidence at trial.  Thus, I find Petitioner is not entitled to equitable tolling of the statute and that this petition is untimely.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss be, and it is hereby, granted.  The petition is dismissed with prejudice, and the relief prayed for is denied.

SO ORDERED this 18th day of May, 2007.

*Henry L. Jones, Jr.*
United States Magistrate Judge